FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 15 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

ROBERT MOBYED,

                    Plaintiff,

   -against-

NEW YORK CITY TRANSIT,
An agency of the Metropolitan Transit Authority,

                    Defendants.

---------------------------------------------------------------- X

07-CV-3292 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

On March 14, 2008, plaintiff Robert Mobyed ("plaintiff" or "Mobyed") filed his amended complaint in this action against his employer the New York City Transit Authority ("defendant" or "NYCTA"). In that complaint, plaintiff raises claims of employment discrimination based on his race and disability and unlawful retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972, 42 U.S.C. §§ 2000 et seq., New York State Human Rights Law, N.Y. Executive Law §§ 292 et seq., and New York City Human Rights Law, N.Y.C. Administrative Code § 8-107. Plaintiff also claims that defendant's discriminatory and retaliatory conduct violated the Due Process Clause of the New York State Constitution and the Equal Protection and Due Process Clauses of the Fourteenth Amendment to United States Constitution.[1]

On February 28, 2011, this court issued an Order with respect to defendant's motion for summary judgment. Dkt. No. 81. In that Order, the court granted defendant's motion in part, denied it in part, and denied it without prejudice in part.[2] Id. at 57. Presently before the court is

---

[1] Plaintiff withdrew his claims under the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. Dkt. No. 80.
[2] The court presumes familiarity with its February 28 Order.

1

defendant's renewed motion for summary judgment with respect to the claims that the court denied without prejudice. Plaintiff has withdrawn the majority of those claims with prejudice. Dkt. No. 91. Thus, on this motion, the court need only address plaintiff's claim – brought pursuant to 42 U.S.C. § 1983 – that defendant recouped his sick pay in violation of his constitutional right to due process. For the reasons set forth below, defendant's motion for summary judgment is granted with respect to that claim, and this case is remanded to state court.

## **LEGAL STANDARD**

A moving party deserves summary judgment if, "upon reviewing the evidence in the light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Richardson v. Selsky, 5 F.3d 616, 621 (2d Cir. 1993) (citations omitted); see Fed. R. Civ. P. 56(c). The function of the court is not to resolve disputed issues, but to determine whether there is a genuine issue to be tried. See Anderson v. Liberty, 477 U.S. 242, 249 (1986). In addressing a motion for summary judgment, "the court is required to draw all factual inferences in favor of the party against whom summary judgment is sought." Balderman v. U.S. Veterans Admin., 870 F.2d 57, 60 (2d Cir. 1989) (citations omitted). Summary judgment should be granted "[o]nly when no reasonable trier of fact could find in favor of the non-moving party . . . ." Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992) (citation omitted). The moving party bears the initial burden of demonstrating that no genuine factual dispute exists. See Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995). If the movant successfully shoulders its initial burden, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250 (internal quotation marks omitted).

## DISCUSSION

Plaintiff contends that defendant's recoupment of 40% of his weekly pay for a period of longer than six months violated his right to due process under the New York and United States Constitutions. Plaintiff's arguments in support of his due process claim are not entirely clear from his brief to the court. But plaintiff seemingly asserts that he had a property right in his sick pay and that defendant deprived him of that right without affording him adequate process. In particular, plaintiff argues that he was not permitted to arbitrate his sick pay dispute under the grievance procedures set forth in his union's collective bargaining agreement ("CBA") with defendant. By contrast, defendant claims that plaintiff could arbitrate his sick pay claim under the grievance procedures and that those procedures afforded plaintiff the requisite process. Defendant further argues that plaintiff cannot rely on his failure to avail himself of the CBA's grievance procedures to support his due process claim. The court agrees with defendant.

In its February 28 Order, the court found that defendant recouped plaintiff's sick pay in accordance with a municipal policy or custom. Dkt. No. 81 at 55. To show that this municipal policy or custom violated his right to due process, plaintiff must "first identify a property right, second show that the state has deprived him of that right, and third show that the deprivation was effected without due process." Mehta v. Surles, 905 F.2d 595, 598 (2d Cir. 1990) (emphasis and citation omitted). The court assumes that plaintiff had a property right in his sick pay and that defendant deprived him of that right when it recouped his sick pay. The court therefore turns to the question of whether defendant effected that deprivation without due process.

The Second Circuit has "held on several occasions that there is no due process violation where . . . pre-deprivation notice is provided and the deprivation at issue can be fully remedied through the grievance procedures provided for in a collective bargaining agreement." Adams v.

Suozzi, 517 F.3d 124, 128 (2d Cir. 2008) (citing Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 213 (2d Cir. 2003) ("Courts have held that [a collective bargaining agreement's grievance procedures] providing for a hearing to contest a challenged employment decision, are sufficient to satisfy due process."); Narumanchi v. Bd. of Trustees of Conn. State Univ., 850 F.2d 70, 72 (2d Cir. 1988) (finding due process was satisfied "by the pre-deprivation notice and hearing rights provided in the grievance procedures under the [collective bargaining agreement]"); Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 102 (1st Cir. 2002) (pre-deprivation notice and "the full arbitration afforded by the collective-bargaining agreement was more than sufficient to satisfy" due process requirements) (cited with approval in Harhay, 323 F.3d at 213)). If a plaintiff chooses not to avail himself of the available post-deprivation procedures under a CBA, he cannot then rely on his choice to allege a lack of due process. Dimino v. N.Y. City Transit Auth., 64 F. Supp. 2d 136, 160 (E.D.N.Y. 1999).

In this case, plaintiff received notice prior to defendant's recoupment of his sick pay. On April 16, 2007, plaintiff received a memorandum from his supervisor notifying him that defendant would begin recouping his pay at a rate of two days per week because he was claiming he was injured on duty. Dkt. No. 81 at 16. That memorandum constituted pre-deprivation notice.

After defendant began recouping plaintiff's sick pay, plaintiff could have challenged defendant's action under the grievance procedures set forth in Article VI of the CBA. The grievance procedures include a three-step internal complaint process that results in binding impartial arbitration, if necessary. July 1, 2005 Agreement between NYCTA and District Council 37, AFSCME, AFL-CIO ("July 1 CBA"), Dkt. No. 93-1, 5-9. Under those grievance procedures, an NYCTA employee may raise a claim that "there has been, on the part of management, non-compliance with, or a misinterpretation or misapplication of any of the

provisions of [the CBA] . . . ." Id. at 5. The parties disagree over whether defendant was entitled to recoup plaintiff's sick pay after plaintiff allegedly claimed he was injured while working at the NYCTA. That dispute arose under Article XII, section 3 of the CBA, which sets forth an employee's entitlement to sick leave. Id. at 25-29. Specifically, section 3.6(f) of Article XII states: "Time of absence from work while incapacitated by injury received in performance of duty will not be charged against the sick leave allowable under this rule." Id. at 28. Thus, the dispute over the recoupment of plaintiff's sick pay is a dispute over the application and/or interpretation of section 3.6(f) of Article XII. Such a dispute is subject to the grievance procedures set forth in Article VI of the CBA.

The court rejects plaintiff's contention that he was not entitled to arbitrate his sick pay dispute under the grievance procedures set forth in Article VI of the CBA. Article VI includes a provision stating that the impartial arbitrator "shall not have the authority to render any opinion or make any recommendations . . . with respect to modification of any wage rates." Id. at 8. Plaintiff argues that this provision bars arbitration of his sick pay dispute. The court disagrees. As previously discussed, Article XII, section 3 of the CBA governs an NYCTA employee's entitlement to sick pay. Id. at 25-29. That provision makes no reference to wage rates. Id. Rather, wage rates for NYCTA employees are set forth in Article XIX of the CBA, which is

entitled "Wages."[3] Id. at 43-44. The court concludes that Article VI's prohibition on arbitration "with respect to modification of any wage rates" refers only to the wage rates established by Article XIX of the CBA. Article VI does not preclude arbitration with respect to the sick pay provisions set forth in Article XII, section 3. Accordingly, plaintiff's sick pay dispute is subject to arbitration.

Thus, in this case, plaintiff received pre-deprivation notice from defendant prior to the recoupment of his sick days, and he had adequate post-deprivation procedures available to him to challenge that deprivation. While plaintiff failed to avail himself of those post-deprivation procedures, he cannot rely on that choice to allege a lack of due process.[4] The court finds that there is no genuine issue of material fact as to whether defendant violated plaintiff's right to due process. The court therefore grants defendant's motion for summary judgment with respect to

---

[3] Article XIX of the CBA states, in relevant part:

> During the term of this agreement, the Authority will grant to employees in the titles subject to this agreement such salary adjustment as are granted by the City of New York to employees in the same titles, with the exception of additional compensation funds whose allocation is determined on a unit by unit basis.
> . . . .
> The hiring rate for new employees hired on or after July 1, 2004 will be 15% lower than the incumbent rate. After two years of fulltime service, employees will earn the incumbent rate.
> . . . .
> Subsequent to the expiration of this agreement, the Authority shall grant such salary adjustments as are granted by the City of New York to employees in the same titles, so long as neither party puts forth a demand to negotiate on the issue of wages/salary adjustments.
>
> In the event of a wage overpayment, recoupment will be limited to a maximum of 25% of an employee's biweekly pay unless the Authority notifies the Union in advance.

[4] Plaintiff's reliance on Ciambriello v. Cnty. of Nassau, 292 F.3d 307 (2d Cir. 2002), is misplaced. In that case, the Second Circuit held that defendant deprived plaintiff of property without due process, despite the fact that plaintiff failed to take advantage of a CBA's grievance procedures. Id. at 323. The court held that the CBA procedures were insufficient to protect plaintiff's property interest; thus, even if plaintiff had availed himself of those procedures, he still would have been denied due process. Id. That case is distinguishable from the instant case. Here, the CBA grievance procedures are adequate to protect plaintiff's assumed property interest, and they afforded plaintiff the requisite process. See Adams, 517 F.3d at 128. As the Ciambriello court noted, "a procedural due process violation cannot have occurred when the governmental actor provides *apparently adequate* procedural remedies and the plaintiff has not availed himself of those remedies." Id. (emphasis in original; internal quotation marks and citations omitted).

plaintiff's due process claim.[6]

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment with respect to plaintiff's due process claim is granted. With the dismissal of that claim, the only viable claims remaining in this action arise under New York law. Because the court no longer has subject matter jurisdiction over this case, the court remands it to state court for further proceedings.

The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/s/(ARR)

Allyne R. Ross
United States District Judge

Dated: July 13, 2011
Brooklyn, New York

---

[6]Plaintiff claims that N.Y. Labor Law § 193(1), which prohibits unauthorized wage deductions by employers, bears on his due process claim. That statute, however, does not apply to the NYCTA. D'Antonio v. Metro. Transp. Auth., 06-CV-4283 (KMW), 2008 U.S. Dist. LEXIS 16726, at *17-*18 (S.D.N.Y. March 4, 2008).